**BROWN–FORMAN CORPORATION, Plaintiff,**

v.

**The NEW MEXICO DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Defendant.**

**Civ. A. No. 86–1243 JC.**

United States District Court, D. New Mexico.

Nov. 10, 1987.

Michael R. Comeau, C. Mott Woolley, Stephenson, Carpenter, Crout & Olmsted, Santa Fe, N.M., for plaintiff.

Katherine Zinn, Asst. Atty. Gen., Santa Fe, N.M., for defendant.

### MEMORANDUM OPINION

CONWAY, District Judge.

THIS MATTER came on for consideration of the Defendant's Motion to Dismiss and the Plaintiff's Motion for Judgment on the Pleadings or for Summary Judgment. The Court has reviewed the memoranda and accompanying materials submitted by the parties, the relevant authorities and heard the arguments of counsel on October 19, 1987. As announced in open court, I find that the Defendant's Motion to Dismiss is not well-taken and will be denied and that the Plaintiff's motion will be considered as a Motion for Summary Judgment and will be granted.

Plaintiff is the producer and distributor of certain alcoholic beverages and distributes its products nationally, including the state of New Mexico. Brown–Forman Corporation [Brown–Forman] filed suit to challenge the constitutionality of New Mexico's price affirmation statutes, N.M.Stat.Ann.

§§ 60–8A–12 to –19 (Repl.Pamph.1987). Plaintiff seeks declaratory relief and an injunction permanently restraining the New Mexico Department of Alcoholic Beverage Control [ABC] from enforcing the price affirmation requirements of N.M. Stat.Ann. § 60–8A–15. Pursuant to the stipulation between the parties, the Court enjoined enforcement of the liquor price affirmation provisions against Plaintiff during the pendency of this action.

At a hearing on the motions, the Court indicated it would consider the affidavit of Leon R. Timmons, a senior attorney and assistant secretary of Brown–Forman, which had been submitted by the Plaintiff. Thus, the Court treated the motion for judgment on the pleadings as a Motion for Summary Judgment. Because there are no material issues of fact in dispute, summary judgment for the Plaintiff is appropriate only if Brown–Forman is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The New Mexico ABC administers statutes regulating the importation, sale, distribution and consumption of alcoholic beverages in the state. Among the statutes administered by the ABC is N.M.Stat. Ann. § 60–8A–15, which provides in part:

The owner of a brand of spirituous liquors shall file as part of the schedule a verified affirmation that the price to New Mexico wholesalers is no greater than the lowest price at which the item of spirituous liquors is sold by the brand owner or any related person to any wholesaler anywhere in any other state of the United States or in the District of Columbia, or to any state or state agency which owns and operates retail liquor stores.

If the required affirmation is not filed, the price and discount schedule mandated by N.M.Stat.Ann. § 60–8A–12 is deemed invalid and the sale of the items on the schedule is prohibited during the period covered by the schedule. N.M.Stat.Ann. § 60–8A–16 (Repl.Pamph.1987). If a false affirmation is filed, the ABC may suspend the distribu-

tor's license. N.M.Stat.Ann. § 60–8A–18 (Repl.Pamph.1987).

The price affirmation laws enacted by various states to counter perceived price discrimination are of three varieties—"prospective," "retroactive," and "concurrent." The New Mexico provision, as a "concurrent" price affirmation statute, requires that the brand owner of an alcoholic beverage affirm that *at the moment of sale* the price to the New Mexico wholesaler matches the lowest price at which the product is being sold elsewhere. On the other hand, "retroactive" affirmation laws require prices to an in-state wholesaler to be at the lowest price at which the product was sold elsewhere during an earlier time period. A "prospective" affirmation uses as its reference point the price for out-of-state sales of liquor in the future.

In a recent decision, the United States Supreme Court invalidated a New York price affirmation statute as an unconstitutional regulation of interstate commerce. *Brown–Forman Distillers Corporation v. New York State Liquor Authority*, 476 U.S. 573, 106 S.Ct. 2080, 90 L.Ed.2d 552 (1986). The price affirmation law at issue in *Brown–Forman Distillers* required the liquor producer to affirm that within the state of New York its products would be sold at no price higher than those charged elsewhere during the upcoming month. This "prospective" affirmation statute prohibited a liquor producer from changing its prices elsewhere during the following month unless it obtained permission from the state's regulatory authority. The Supreme Court found that the New York law on its face " 'project[ed] its legislation' into other States, and directly regulated commerce therein...." *Id.* at 2087 (citation omitted).

The New Mexico ABC contends that the decision in *Brown–Forman Distillers* confines invalidation of price affirmation statutes to those which are "prospective" in nature. According to the Defendant, "retroactive" and "concurrent" price affirmation provisions constitute valid state regulation of intoxicating liquors pursuant to the Twenty-first Amendment and do not suffer the same constitutional infirmities of a "prospective" price affirmation statute. Because the *Brown–Forman Distillers* court expressly declined to address nonprospective statutes, the New Mexico ABC contends that prior Supreme Court precedent upholding retroactive affirmation laws controls the present litigation. The Court finds, however, that the reasoning of the *Brown–Forman Distillers* opinion has closed the coffin on price affirmation laws and left the burial to the district courts.

The Defendant heavily relies upon the case of *Joseph E. Seagram & Sons, Inc. v. Hostetter*, 384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966). The *Seagram* court addressed a "retroactive" price affirmation statute which required an alcoholic beverage producer to affirm that its prices within the state of New York would be no higher than the lowest price at which the product was sold elsewhere during the preceding month. In refusing to find that the provision was unconstitutional on its face, the *Seagram* court stated:

> The mere fact that § 9 is geared to appellants' pricing policies in other States is not sufficient to invalidate the statute.... The serious discriminatory effects of § 9 alleged by appellants on their business outside New York are largely matters of conjecture. It is by no means clear, for instance, that § 9 must inevitably produce higher prices in other States, as claimed by appellants, rather than the lower prices sought for New York. It will be time enough to assess the alleged extraterritorial effects of § 9 when a case arises that clearly presents them.

*Id.* at 43, 86 S.Ct. at 1260. At the time the *Seagram* court ruled, the price affirmation statute at issue had not yet been put into effect. The Court, in essence, considered any extraterritorial effects resulting from the statute as speculative.

Although the *Brown–Forman Distillers* court limited its ruling to prospective price affirmation statutes, the Court gave less than a glowing endorsement of the *Seagram* decision.

[W]e do not necessarily attach constitutional significance to the difference between a prospective statute and the retrospective statute at issue in *Seagram*. Indeed, one could argue that the effects of the statute in *Seagram* do not differ markedly from the effects of the statute at issue in the present case. If there is a conflict between today's decision and the *Seagram* decision, however, there will be time enough to address that conflict should a case arise involving a retrospective statute. Because no such statute is before us now, we need not consider the continuing validity of *Seagram*.

*Brown–Forman Distillers*, 106 S.Ct. at 2087, n. 6. Indeed, Justice Blackmun in his concurring opinion chastised the Court for its failure to overrule the *Seagram* decision which he characterized as "a relic of the past." *Id.* at 2080.

This Court, like Justice Blackmun, finds no principled distinction between the prospective statute invalidated in *Brown–Forman Distillers* and the New Mexico concurrent price affirmation provision. As with the New York affirmation law, the New Mexico provision regulates all brand owners of intoxicating liquors evenhandedly and arguably promotes the state's legitimate interest in assuring the lowest possible prices for its residents. *See Brown–Forman Distillers* at 2085. These aspects of a provision, however, are insufficient to validate a state regulation pursuant to the Twenty-first Amendment if "the 'practical effect' of the law is to control liquor prices in other States." *Id.* at 2086.

The direct effect of New Mexico's price affirmation statute on out-of-state liquor sales is evidenced by the affidavit of Timmons and the accompanying depletion flash reports. These documents indicate that Plaintiff Brown–Forman would like to lower its price for its Black Label product in Arizona where the sales are 72% of its projected sales quota. But if Brown–Forman were to lower the price in Arizona to stimulate sales in that state, the New Mexico price affirmation statute mandates sales of the product in New Mexico at the similarly reduced price. Given the fact that New Mexico sales of Black Label are ex-

ceeding the projected sales, a reduced price for the product is an unnecessary incentive to achieve the Plaintiff's sales goal in New Mexico. In "practical effect" New Mexico is setting a price floor and thereby controlling the liquor prices in other states. "While a State may seek lower prices for its consumers, it may not insist that producers or consumers in other States surrender whatever competitive advantages they may possess." *Id.* at 2085.

Because the New Mexico concurrent price affirmation statute directly affects the out-of-state sales of liquor by brand owners who sell their products within New Mexico, the provision in question violates the commerce clause and should be invalidated. Other courts examining concurrent price affirmation statutes have reached the same result. *See Brown–Forman Corporation v. The Tennessee Alcoholic Beverage Commission, et al.*, No. 3–86–0926 (M.D.Tenn. June 30, 1987) [Available on WESTLAW, 1987 WL 30303]; *Brown–Forman Corporation v. The South Carolina Alcoholic Beverage Control Commission, et al.*, 643 F.Supp. 943 (1986). *But see United States Brewers Association, et al. v. Healy, et al.*, 669 F.Supp. 543 (1987).

■ Contrary to the assertion of Defendant, the New Mexico provision is not saved simply because a brand owner may change the out-of-state prices for his product once the New Mexico schedule is filed. Whether the extraterritorial effect of price affirmation legislation is directed to the past, to the future or to the instant of posting prices is of no constitutional consequence. "It is not the timing of the extraterritorial effect but the fact that it takes place which the Supreme Court has declared invalid." Plaintiff's reply brief at page 2.

An Order in accordance with this opinion will be entered.